## THE PEOPLE *v.* REYES.

### APPEAL from the District Court of Arecibo.

No. 43.—Decided March 5, 1906.

EVIDENCE—WITNESSES.—Every defendant has a right to be confronted, in the presence of the court, with the witnesses who testify against him, in order that he may have an opportunity to cross-examine them.

ID.—DEPOSITIONS OF WITNESSES PRESENTED AS EVIDENCE IN THE TRIAL OF A CAUSE.—The depositions of witnesses, in accordance with subdivision 4 of section 11 of the Act of Criminal Procedure, may be read at the trial of the cause, if the defendant had an opportunity to cross-examine the witnesses either personally or by counsel.

ID.—INVESTIGATION BY FISCAL.—The fact that the accused is present when the *fiscal*, during the course of his investigation is taking the testimony of witnesses, does not render such investigation any the less private, and the fiscal may follow the provisions of sections 97 and 98 of the Act of Criminal Procedure.

ID.—Where the investigation is being had before a justice of the peace he may cause the accused to be brought in before him, or request the *fiscal* to attend the investigation, in accordance with the provisions of section 105 of said Act.

The facts are stated in the opinion.

*Mr. Falcón* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Arecibo in a case of homicide. The proceedings were begun in 1898, when the old Law of Criminal Procedure was still in force. The charge was originally preferred against Simeón Reyes and others accusing them of the assassination of Dr. Carlos María Alvarez. A trial under the old procedure was had against the other two accused persons, but not against Simeón Reyes,

because at that time he had fled and was not to be found. Later he was arrested and was tried with a jury under the provisions of the new Code of Criminal Procedure. The jury found him guilty, and the court sentenced him to ten years in the penitentiary at hard labor.

At the trial of the case the prosecution offered in evidence the testimony of three witnesses, namely: Tomás Colón, Escolástica Tosada and Juan Arroyo, the *fiscal* offering to prove the death of these witnesses and that their declarations had been taken by the committing magistrate before the trial of the alleged confederates of Simeón Reyes. The attorney for the defendant objected to the admission of these declarations on the ground that the prisoner had not been confronted with the said witnesses and had not had the opportunity of examining them provided for in section 11 of the Code of Criminal Procedure; but the court overruled the objection and an exception was noted. Another exception of the defendant appears in the record, namely, to the refusal of the court to instruct the jury that the evidence was not sufficient to convict the prisoner.

Substantially the only question presented to us for decision is whether the examination made before the committing magistrate, without the presence of the defendant or without an opportunity given him to cross-examine the witnesses, was sufficient to entitle the declarations so taken to be read in evidence. Section 11 is as follows:

"In a criminal action the defendant is entitled:

"1. To a speedy and public trial.

"2. To be allowed counsel, or to appear and defend in person and with counsel.

"3. To produce witnesses on his behalf.

"4. To be confronted with the witnesses against him in the presence of the court, except that where the charge has been preliminarily examined before a prosecuting attorney or a justice of the peace; or where the testimony or a witness on the part of The People, who is unable to give security for his appearance, has been taken in the presence of the defendant, who has, either in person or by counsel,

cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that. he is dead or insane, or cannot with due diligence be found within Porto Rico.

"The examination of witnesses by the prosecuting attorney, as provided for in section 3 must be in private, and he shall not interrogate witnesses produced for the defendant except during the public trial "

In construing paragraph 4 of this section the court below said:

"I understand that the idea advanced by the attorney for the defendant is the rule which is applied in nearly all the States, namely, that the defendant has the right to be confronted with the witnesses against him in the presence of the court, except when the declarations of such witnesses have been taken in the presence of the defendant with the opportunity of cross-examination; and when it is shown that such witnesses are dead or insane. But we meet with a rule which is not expressed in the same terms. After the words *juez de paz* occurs a semicolon which appears to separate that part of the paragraph from what follows it. And also the last sentence of the paragraph says that the examination of witnesses by the prosecuting attorney must be in private, and the first part of the paragraph says that the deposition before the district attorney may be read when the witnesses are dead."

The principal right of the defendant is to be confronted with the witnesses against him "in the presence of the court." The idea of the word "confront" is that the defendant must have the chance to question the witness and the examination that the defendant may make is by section 242 of the Code of Criminal Procedure defined as "cross-examination." The main purpose then of paragraph 4 of section 11 is to give the defendant the right to cross-examine witnesses in the presence of the court.

The words authorizing the reading of the testimony of such a witness are: "The deposition of such witness may be read." The word "such" necessarily refers to some previous use of the word "witness." That word is used twice

between the word "except" and the words "such witness," but it is evident that the witness the lawmaker had in mind (whose deposition might be read) was the one whom the defendant "has either in person or by counsel, cross-examined or had an opportunity to cross-examine."

In the phrase "except that where the charge has been preliminarily examined before a prosecuting attorney or a justice of the peace," the word "witness" does not occur at all, and to understand the meaning it is necessary to refer to what follows the semicolon. The court below erred in thinking the said phrase could be construed alone or did away with the necessity of confronting the defendant with the witnesses against him. To hold otherwise would in many cases dispense with the primary purpose of the section, which is the confronting of the witnesses. This is the right that the defendant exercises publicly and before the court and the exceptions relate to cases where the prosecution for any reason believes that the witness cannot be produced at the trial. In such cases the defendant under the section may be sent for and given an opportunity to cross-examine.

The presence of the defendant before the district attorney would not necessarily make the examination of witnesses by the latter lose its character of being private, as the court below suggested, but the district attorney may proceed under sections 97 and 98 of the Code of Criminal Procedure, which are as follows:

"Section 97. The prosecuting attorney shall have power to issue warrant of arrest when violations of the law have been brought to his attention. The said warrant shall be made returnable to any justice of the peace within the said district.

"Section 98. All cases in which justices of the peace have no jurisdiction to try and determine the same the prosecuting attorney shall, upon the return of the proceedings had before such justice issue *subpoena* for witnesses. He shall examine such witnesses under oath as to the offense charged, with such particulars as to the person accused, the time, place, property and value thereof, and the offense, and if sufficient evidence is produced that the offense as charged or

that an offense amounting to a felony has been committed, and that there exists probable cause. as to the guilt of the defendant he shall file an information as provided by law.''

Likewise where the charge is preliminarily examined before a justice of the peace the justice himself may require the presence of the defendant, or under section 105 request the presence of the district attorney.

We think that the depositions of the witnesses were improperly admitted, and it becomes unnecessary to consider the other exception of the defendant, namely, that there was not enough evidence to convict him. The sentence of the District Court of Arecibo must be reversed and the case sent back to that court for a new trial.

*New trial granted.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.